# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WALTER C. PHILLIPS, | : | Bankruptcy No. 05-14738DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 26th day of April 2005, this Court having entered an order on April 11, 2005 (the "Order") for Walter Phillips ("Phillips") to show cause at a hearing scheduled for April 25, 2005 (1) whether this bankruptcy case, his fourth, was filed in good faith and with a valid bankruptcy purpose and (2) what was the role of Florence-Elizabeth Mason ("Mason") who signed documents as his authorized representative;

**And** the Order further providing that the failure of Phillips to appear shall be cause for dismissal of this case with prejudice;

**And** the Order also denying the application to pay a $839.00 filing fee in installments (the "Application") as having been signed by Mason, not Phillips and requiring the full fee by April 25, 2005 or the case would be dismissed;

**And** no fee having being paid;

**And** an unidentified man appearing in my courtroom on April 25, 2005 and trying to hand up a document during the course of other proceedings and not identifying his business;

**And** the man apparently advising court staff that he had to go to work and needed a continuance but leaving the documents on a bench in the courtroom;

**And** the documents being a "Motion to Dismiss Chapter 11 Bankruptcy Case Without Prejudice to Obtain Relief on Prior Filing of Appeal in Superior Court" and (2) "Notice of Removal of Case to Superior Court," both of which were filed in the after hours box at the District Court on April 24, 2005;

**And** the documents while bearing the caption of Phillips' case were filed on behalf of the non-debtor Mason and signed by her and were replete with "we the people, holder in due course" jargon and incomprehensible legal positions;

**And** Mason, having been previously prohibited from filing cases on behalf of third parties by my Order dated June 16, 2004 in Bankruptcy case 04-17956 (attached and incorporated herein) and being advised that continued reservations attached to her oath will result in the dismissal of any petition and a bar against filing without leave of court;[1]

**And** the failure of Phillips to appear before the Court but rather leaving a copy of the aforementioned documents she prepared indicates that he has joined with her in what appears to be another bad faith filing;

**And** as Phillips did not appear before the court and was not excused from appearing;

**And** as he apparently wishes to dismiss his Chapter 11 case as to which he is in default of the fee requirement;

---

[1] Mason has filed six petitions in her own name. While I know of two filed for third parties, there may be others of which I am unaware.

<u>In re Walter C. Phillips - Bankruptcy No. 05-14738DWS</u>

It is hereby **ORDERED** that the request for dismissal of the Chapter 11 case is **GRANTED** except that such dismissal is not without prejudice. Walter Phillips may not file another bankruptcy case in this Court without prior leave of the Court;

**And** it is **further ORDERED** that as Mason who has previously been advised that she is not permitted to file bankruptcy cases as the attorney in fact or authorized representative of third parties has done so again, the Clerk shall not docket any petition that bears her signature or name but rather shall refer such document to me for disposition;

**And** it finally **is ORDERED** that the document styled "Notice of Removal to Superior Court" is stricken from the record and without legal effect as a bankruptcy case cannot be removed to the Superior Court of Pennsylvania which has no jurisdiction over such matters, 28 U.S.C. § 1334(a).

DIANE WEISS SIGMUND  
Chief U.S. Bankruptcy Judge

cc: Judge Thomas M. Twardowski  
    Judge Bruce I. Fox  
    Judge Stephen Raslavich  
    Judge Kevin J. Carey  
    Walter Stoertz, Acting Clerk

Copies to:

Walter C. Phillips
1236 Tyler Street
Norristown, PA  19401

Florence-Elizabeth: Mason
1634 South Yewdall Street
Philadelphia, PA  19143

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA  19106-0119

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

# ATTACHMENT

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WALTER C. PHILLIPS, | : | Bankruptcy No. 05-14738DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 11th day of April 2005, it appearing that Walter C. Phillips ("Phillips") has filed a petition under Chapter 11 on April 5, 2005;

**And** the Court finding that (1) this is the 4th bankruptcy case filed by Phillips; (2) the petition fails to disclose all prior cases; (3) the petition is signed "Walter E. Phillips by approx." as individual debtor and "Florence-Elizabeth Mason authorized representative" under corporation/partnership debtor; (4) a form Declaration under Penalty of Perjury on Behalf of a Corporation or Partnership is submitted and signed by Mason as "Authorized Rep for Debtor;" (5) an application to pay the filing fee in installments is affixed with the printed name Walter C. Phillips and signed by Mason as attorney in fact;

**And** this Court having previously entered Orders in Bankruptcy No. 04-17956 in which Mason had filed a bankruptcy case as attorney in fact for Eva and Winifred Highsmith wherein the case was dismissed because she filed it as attorney in fact for a third party;

It is hereby **ORDERED** that Phillips shall show cause at a hearing to be held on **April 25, 2005 at 9:30 a.m.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor,

In re Walter C. Phillips - Bankruptcy No. 05-14738DWS

900 Market Street, Courtroom #3, Philadelphia, PA as to whether he has signed the petition and installment fee application in this case, whether the case was filed in good faith and with a valid bankruptcy purpose and what was the role of Mason in these filings.  Failure to appear will be cause for dismissal of the case with prejudice.  Phillips may not be represented by Mason who has no standing to appear in this matter;

**And** it is **further ORDERED** that the Application to Pay the Filing Fee in Installments is **DENIED** as not signed by Phillips.  All fees shall be paid by **April 25, 2005** or the case will be dismissed.

DIANE WEISS SIGMUND<br>Chief U.S. Bankruptcy Judge

Copies to:

Walter C. Phillips
1236 Tyler Street
Norristown, PA  19401

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107